IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cr-207-RAH |
| | ) | |
| LAKEVIC MOSS | ) | |

# **ORDER**

Defendant Lakevic Moss is charged with one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 18 U.S.C. § 841(a)(1) and one count of possession of a firearm in furtherance of a crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 21.) On July 8, 2024, he moved to suppress "evidence of the firearms and narcotics found" and the "fruits" of those items during a warrantless search. (Doc. 40 at 1, 6.) Claiming the officers did not have reasonable suspicion that the home contained additional people to justify a warrantless search, Moss contends that all seized evidence and any statements made should be suppressed because the search violated the Fourth Amendment to the United States Constitution.

After an evidentiary hearing, the Magistrate Judge recommended the Court deny the Motion to Suppress Evidence. (Doc. 58.) On March 30, 2020, Moss filed Objections to the Recommendation of the Magistrate Judge. (Doc. 61.) Upon an independent and de novo review of the record, including a review of the transcript,

as well as video footage and other evidentiary materials presented during the hearing before the Magistrate Judge, and for the reasons below, the Court concludes that the Objections are due to be OVERRULED and the Motion to Suppress will be DENIED.

## I. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation de novo. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED.R.CRIM.P. 59(b)(3).

De novo review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.* If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* The Court has reviewed the transcript of the entire suppression hearing and the available video footage.

## II. DISCUSSION

The Magistrate Judge provided a thorough recitation of the facts in her Recommendation. Consequently, a summary of the facts related to the Motion to Suppress is not necessary, as the Court adopts the Magistrate Judge's findings of fact as stated in the Recommendation.

Moss objects to the Magistrate Judge's finding regarding the duration of the protective sweep. In the Recommendation, the Magistrate Judge found "Moss's argument that the sweep took almost an hour based on the length of the bodycam video [to be] unsupported." (Doc. 58, at 10.) Moss argues that the transcript and the officer's bodycam video show that the officers were inside the apartment for at least an hour. He maintains that Officer Quinterrious Brooks "concede[d] what is depicted for the duration of his body cam video, that law enforcement officers[] were presen[t] inside the dwelling for almost an hour." (Doc. 61 at 5.) The Court does not read Officer Brooks's testimony as including such a concession. During the suppression hearing, the following exchange occurred:

> [Attorney Pitters]: . . . And do the math real quick. Help us out. 5:45 a.m. to 6:39 a.m. is how much time?
>
> [Officer Brooks]: Almost an hour.
>
> [Attorney Pitters]: Almost an hour. Almost an hour. Ya'll did more than just a protective sweep, correct? Almost an hour. Within that hour, going up and down, going all around through that apartment, correct?

3

[Officer Brooks]:   No, sir.

(Doc. 57 at 58.) Officer Brooks' testimony does not amount to a concession that the officers conducted a protective sweep for about an hour.  Although the Government provided videos of law enforcement activity, neither the testimony nor the videos show that the officers conducted a sweep or search of the residence for almost an hour.

This Court has reviewed the videos.  Most of the video footage depicts the Defendant and officers in the parking lot outside the apartment building.  Although the first video does include brief footage of officers conducting a protective sweep inside the apartment, the camera was mobile and moved with the officer.[1]  Because the camera did not remain inside the apartment or pointed at the front door throughout the recording, it is impossible to discern the specific time the officers exited the residence.

The Defendant argues that "this Court will clearly see from the video evidence, at the time [Officer] Brooks went inside of the residence purportedly to retrieve articles of clothing for Defendant Moss, law enforcement officers were still within the home walking around having made entry long ago and immediately after all four occupants had vacated the apartment." (Doc. 61 at 5.)  The Court disagrees.

---

[1] The video shows that the Defendant exited the apartment at 5:55 a.m., that Officer Brooks first went inside the apartment at 6:02 a.m. and that other officers were already inside at the time at the time he entered.  The recording stopped at 6:04 a.m.

4

It appears from the second video that, when Officer Brooks briefly entered the apartment to retrieve Moss's clothing as requested, one officer followed close behind him and stood in the hallway by the door. As soon as Officer Brooks found clothing for the Defendant, they left the apartment. The video shows no other officers inside the residence. This Court agrees with the Magistrate Judge's finding that the evidence does not establish that the sweep lasted for almost an hour.

The Defendant also argues the Magistrate Judge's reliance on *United States v. Hollis*, 780 F.3d 1064 (11th Cir. 2015), is misplaced. In the Recommendation, the Magistrate Judge generally cited *Hollis* as follows:

> . . . [A protective] sweep often occurs in the immediate vicinity of an arrest; for example, when officers sweep the room where the arrest takes place inside a home. *See, e.g., United States v. Hollis*, 780 F.3d 1064, 1067 (11th Cir. 2015) (officers used a battering ram to open door and arrest defendant and then swept the apartment).

(Doc. 58 at 7.) The Defendant maintains that *Hollis* is inapplicable to his case because the officers arrested him outside the apartment and not inside a home. In this case, the Magistrate Judge merely cited *Hollis* for the general proposition that protective sweeps often occur near the place of the arrest. This Court agrees that protective sweeps near the place of arrest are generally permitted.

He also objects to the Magistrate Judge's reliance on *United States v. Yarbrough*, 961 F.3d 1157 (11th Cir. 2020). Citing *Yarbrough*, the Magistrate Judge discussed the totality of the circumstances, including that law enforcement knew of

5

prior criminal activity connected to the Defendant's apartment. The Magistrate Judge stated:

> But law enforcement's knowledge of this recent criminal activity connected to Moss's apartment is part of the "whole picture," and it is an additional factor supporting their reasonable belief they could be entering a dangerous situation. *See Yarbrough*, 961 F.3d at 1163 ("[W]e have stated that 'officers on the scene had reasonable cause to believe they were entering a volatile and potentially dangerous situation' in part because of a 'prior report of gunshots' from an anonymous source." There, those "tips supported an inference that the Yarbrough's home was a source of possible drug activity.") (quoting *United States v. Holloway*, 290 F.3d 1331, 1340 (11th Cir. 2002)).

(Doc. 58 at 8-9.) The Defendant argues *Yarbrough* does not justify entry into a residence when a person voluntarily surrenders and is arrested outside his apartment. While it is true the facts in *Yarbrough* are different, the Magistrate Judge's consideration of the totality of the circumstances is appropriate here. The Court finds no error in the Magistrate Judge's reliance on *Yarbrough* when determining that recent criminal activity connected to the apartment is one factor to consider as part of the totality of the circumstances.

The Defendant maintains that *United States v. Bagley*, 877 F.3d 1151 (10th Cir. 2017), is more applicable to his case. In *Bagley*, officers conducted a protective sweep without any information suggesting that someone else remained inside the house. When officers entered the house, Bagley announced his surrender from the southeast bedroom. At some point, Bagley's girlfriend and children left the house and the officers handcuffed Bagley near the front door. The Tenth Circuit

6

determined that the officers lacked specific and articulable facts supporting an objective belief that someone dangerous remained inside the house. As discussed in the Recommendation, there were factors in Defendant Moss's case to support the officers' objective belief that someone dangerous could have remained inside his apartment, including that the officers were there to arrest the Defendant on a murder charge, three other individuals were unexpectedly inside the residence, and the apartment was previously connected to criminal activity. Under these circumstances, the *Bagley* opinion is unpersuasive.

Accordingly, it is

ORDERED as follows:

(1) The Objections (Doc. 61) are OVERRULED;

(2) The Recommendation of the Magistrate Judge (Doc. 58) is ADOPTED;

(3) The Motion to Suppress (Doc. 40) is DENIED.

DONE, on this the 21st day of October 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE